IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
SEP 30 2001
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF A[...]

| | | |
|---|---|---|
| DONALD HICKS, PAMELA HICKS, JACK SIMON, and ROSAMOND J. SIMON | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action Number |
| DAIMLERCHRYSLER CORPORATION and PEI ELECTRONICS, INC., f/d/b/a as PENTASTAR ELECTRONICS, INC., | ) ) ) ) | 99-C-1865-W |
| Defendants. | ) ) | |

ENTERED
OCT 1 2001

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this case brought as a class action under the Employee Retirement Income Security Act, 29 U.S.C. § 1101 *et seq.* ("ERISA"), the named Plaintiffs essentially claim that the sale by the Defendant of its subsidiary and their former employer, Pentastar Electronics, deprived them of ERISA benefits. Based on the undisputed facts which follow, together with the concession by the lead Plaintiff that he has not lost benefits, the remaining Defendant's Motion For Summary Judgment is due to be granted.

I. Undisputed Facts

1. Both of the male Plaintiffs are employed by Pentastar Electronics, Inc. ("Pentastar"), a defense contractor in Huntsville, Alabama. They were non-bargaining unit employees. The other two named Plaintiffs are spouses of the named Plaintiffs.

2. From the time of its inception until 1997, Pentastar was wholly owned by the Chrysler Corporation, whose successor is Defendant DaimlerChrysler.

77

3. As employees of Chrysler, Plaintiffs participated in its Pension Plan, its Salaried Employees Retirement Plan ("SERP"), its health and life insurance plans, and its automobile lease program. The Pension Plan, a non-contributory retirement plan, provides accrued benefits based on participants' age and length of service. The SERP administers contributed funds for future payment of retirement benefits.

4. Plaintiffs Donald Hicks and Jack Simon were considered as valuable assets of Pentastar.

5. In the mid nineties, Chrysler decided to divested itself of its non-core businesses, including Pentastar. Chrysler was unable to sell Pentastar on the open market to outside buyers.

6. In the fall of 1996, Pentastar's President and Chief Executive Officer, Jewell Toney, together with other private investors, incorporated PEI Acquisition Corporation, Inc. ("PAC") for the stated objective of acquiring Pentastar. PAC was capitalized in December 1996.

7. Effective January 10, 1997, Chrysler sold Pentastar to PAC. None of the Pentastar employees lost jobs as a result of the sale.

8. In anticipation of the sale to PAC, Chrysler entered into an Employee Matters Agreement with PAC, under which non-bargaining unite employees would cease to be participants in the Chrysler benefits plans and, one year after the effective date of the sale, such employees would be ineligible for the Chrysler car lease program. The Employee Matters Agreement required PAC to institute an independent program for its non-bargaining unit employees.

9. PAC subsequently implemented a benefits program for its non-bargaining unit employees, including Plaintiffs Donald Hicks and Jack Simon.

10. As of January 11, 1997, Donald Hicks and Jack Simon remained employees of

Pentastar under its new corporate name. Neither of the Plaintiffs lost any benefits as a result of the sale of Pentastar. Their benefits under the Chrysler SERP were frozen . They continue to accrue additional benefits under PAC's benefit plan.

11. Plaintiff Donald Hicks concedes that Defendant has not deprived him of any benefits to which he is entitled. (Hicks Depo. at 982-90).

12. In the Amended Private Placement Memorandum which PAC utilized to attract new investors, PAC stated that Pentastar "has been operating under a union contract with the United Auto Workers ... The rates and benefits paid to hourly and certain salaried persons under such contract have impaired the ability of [Pentastar] to successfully bid on many proposals."

13. None of the Plaintiffs have exhausted their administrative remedies under either of the Chrysler Plans.

14. Although the fact is disputed, the Court, sitting as the factfinder, finds that there is no evidence that resort to administrative remedies would have been futile or the remedy inadequate.

## II. Conclusions of Law

1. Plaintiffs have not established an issue of triable fact as to whether Defendant refused to provide them with benefits to which they were contractually entitled under the various Chrysler plans under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). *Wolf v. Coca-Cola Co.,* 200 F.3d 1337. 1340 (11th Cir.2000).

2. Plaintiffs have failed to establish an issue of triable fact as to whether Chrysler's sale of Pentastar interfered with their right to obtain benefits under the Chrysler benefits plans in violation of Section 510 of ERISA, 29 U.S.C. § 1140. *See Andes v. Ford Motor Co.,* 70 F.3d 1332, 1336-1337 (D.C.Cir.1995); *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488 (11th

Cir.1993); *Aronson v. Servus Rubber Div. of Chromalloy,* 730 F.2d 12 (1st Cir.1984). There is no evidentiary showing that this decision was motivated in any way by a specific intention to interfere with the Plaintiffs' rights to obtain future benefits under the various Chrysler benefit plans.

    3.    Plaintiffs' failure to exhaust their administrative remedies is fatal to their claims in this case. *Perrino v. Southern Bell Tel. & Tel. Co.,* 209 F.3d 1309, 1315 (11th Cir.2000).

    4.    Because the named Plaintiffs are not members of the class they purport to represent, this case may not proceed as a class action.

By separate order, Defendant will be granted Summary Judgment.

Done this 30th day of September, 2001,

_____
Chief United States District Judge
U.W. Clemon